## L. C. GILMORE v. D. E. BUTTS.

### No. 11,394. (59 Pac. 645.)

EVIDENCE—*Copy of Lost Deposition.* A copy of a deposition, the original of which was duly taken and filed with the clerk of the court, and lost, may be read in evidence.

Error from Miami district court ; JOHN T. BURRIS, judge. Opinion filed January 6, 1900. Reversed.

### STATEMENT.

THIS was an action of replevin brought by Gilmore, the plaintiff in error, to recover the possession of a stock of dry-goods of the alleged value of over $6000. Gilmore had taken possession of the property by virtue of two chattel mortgages executed and delivered to him by S. A. Steele. The first mortgage was for the sum of $3438.85, and the second for $750. After possession taken by the mortgagee, various creditors of S. A. Steele commenced actions by attachment and levied on the goods in Gilmore's possession as the property of Steele, to recover the possession of which this replevin suit was begun against D. E. Butts, the sheriff of Miami county, who held the goods under the several writs of attachment. There was a verdict and judgment for the defendant sheriff in the action,

and Gilmore has prosecuted proceedings in error to this court.

*Wells & Crossan,* for plaintiff in error.

*W. T. Johnston,* and *Ellis, Reed, Cook & Ellis,* for defendant in error.

The opinion of the court was delivered by

SMITH, J. : In our investigation of the questions of law involved in this case we have in no manner been assisted by the brief of counsel for plaintiff in error. Nearly all of the assignments complain of erroneous rulings by the court below in the most general terms. The following is a fair example of the manner in which alleged errors are pointed out :

"10th. The court erred in admitting the testimony of Clay B. Steele over the objection of the plaintiff, on pages 134, 137, 138, 139, 140, 141, 142, 143, 144, 145, 148, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, 169, 172, 180, 192, 194, 195 and 196 of the record."

No reasons are given why the testimony of this witness was objectionable. Counsel ought not to expect us to embark on a voyage of exploration into a voluminous record for the discovery of errors committed by the court below, on suggestions so vague, uncertain and general as the above. Such practice was condemned in *Railroad Co. v. Johnson,* 58 Kan. 175, 181, 48 Pac. 847. We will consider but one assignment of error, namely, the exclusion by the trial court of a copy of the deposition of Hattie Steele, when offered on behalf of the plaintiff below. On this interesting and important question counsel have cited no authorities, but merely say that the exclusion of the testimony does not accord with their notions as to what a fair trial

should be.   We have therefore been compelled to make an original investigation of the law on the subject, wholly unaided by the brief submitted by the party complaining of the action of the trial court.

The original deposition of Hattie Steele, read on a former trial of the case, was lost.   A witness, Deball, copied the same, and it was included in a case-made prepared for use in this court.   The witness stated that he had copied it correctly from the original, which was attached as an exhibit to the case-made. Hattie Steele resided at the time in Denver, Colo., and her testimony was material in that she accounted for $750, the consideration for the second mortgage on the goods.   The jury found that the $750 loaned on the second mortgage was not used to pay an indebtedness contracted by J. W. Steele in his lifetime. The deposition excluded tended to establish the fact that said amount was so used, and hence the testimony was important and material on behalf of the plaintiff below.   The deposition was excluded.   The court erred in this ruling.   In the case of *Burton v. Driggs*, 20 Wall. 125, 134, 22 L. Ed. 299, the original of a deposition was lost after having been transmitted to the clerk of the court where the case was pending.   The copy offered in evidence was a true one, taken under the direction of the clerk and by him compared and certified.   The copy was admitted in evidence and error assigned upon this ruling.   Mr. Justice Swayne, who delivered the opinion of the court, said :

"In *Harper v. Cook* (1 Car. & P. 139), it was held that the contents of a lost affidavit might be shown by secondary evidence.   The necessity of retaking it was not suggested.   In the present case the witness lived in another state and more than 100 miles from the place of trial.   The process of the court could not

reach him; for all jurisdictional purposes he was as if he were dead. . . . Here there was nothing to prevent the operation of the general rule as to proof touching writings lost or destroyed. The deposition was one of the files in the case. The plaintiff was entitled to the benefit of the contents of that document. Having been lost without his fault, he was not bound to supply its place by another and a different deposition, which might, or might not, be the same in effect with the prior one.'' ( See *Stebbins v. Duncan*, 108 U. S. 32, 2 Sup. Ct. 313.)

If, as stated in the opinion quoted from, the absent witness is to be regarded for all jurisdictional purposes as if she were dead, her testimony given on a former trial was competent to be used. (*Solomon Rld. Co. v. Jones*, 34 Kan. 443, 8 Pac. 730; *Gannon v. Stevens*, 13 id. 447; *The State v. Wilson*, 24 id. 189; *Mattox v. United States*, 156 U. S. 237, 15 Sup. Ct. 337, 39 L. Ed. 409.) The trend of modern authorities is to the effect that if the witness, though not dead, is out of the jurisdiction, or cannot be found after diligent search, or is insane, or sick and unable to testify, or has been subpœnaed but appears to have been kept away by the adverse party, his testimony given at a former trial may be received. (1 Greenl. Ev., Lewis's Ed., § 163, note 4; *Omaha Street R. Co. v. Elkins*, 39 Neb. 480, 58 N. W. 164.) In the case of *William Finney v. The St. Charles College*, 13 Mo. 266, 271, the court said:

'' In this case, it was proven, firstly, that the magistrate who took the deposition in the former suit, made out and sent the plaintiff's counsel a copy—as is frequently requested for the purpose of informing them of the nature of the testimony. It was next proven that the record of that suit, including the original deposition, was lost or mislaid; and the witness, who is an intelligent lawyer, and of counsel for

Gilmore v. Butts.

the plaintiffs in both suits, swears that having read both the original and the copy, he believes them to be alike. The case, therefore, from its nature, does not seem to disclose the existence of other and better evidence, and we perceive no error, in permitting the copy thus proven, to be read to the jury as proving the contents of the original.'' (See, also, 9 A. & E. Encycl. of L. 351; 6 Encyc. Pl. & Pr. 583.)

The fact that the deposition of the witness might have been retaken cannot affect the question of the admissibility of the use of a copy as evidence. It was the best evidence of what the witness had already testified. The deposition had been used on a former trial of the same cause. A copy was preserved in the case-made in the handwriting of the witness who transcribed it from the original. The person giving the deposition was absent from the state at the time the copy was offered. We are clearly of the opinion that a proper foundation was laid for the admission of the copy and that its exclusion was error.

Testimony material to the issues made having been thus excluded from the consideration of the jury, the judgment of the court below will be reversed and a new trial ordered.