LAWRENCE BROUGHAN *et al.* v. THOMAS BROUGHAN.

No. 11,881.* ( 64 Pac. 608.)

1. TITLE AND OWNERSHIP—*Prescription—Improper Evidence.* The grantors in a deed were in possession of land at the time of its conveyance, and continued to occupy the same for more than fifteen years thereafter. In an ejectment action brought against them by the grantee, testimony that the defendants had made declarations that they were not leasing the lands but owned the same, that one of them had insured a house situated on the property in his own name, and had also mortgaged the land, was properly rejected, in the absence of a showing that the acts and declarations of the occupants had been brought to the knowledge of the plaintiff.

2. PRACTICE, SUPREME COURT—*Assignment of Error.* An assignment of error stated generally that the court erred in the admission of incompetent evidence, "beginning on page 77 and continuing to page 95" of the record. *Held,* that the alleged error will not be considered, under the authority of *Gilmore v. Butts,* 61 Kan. 315, 316, 59 Pac. 645, and *Garden City v. Heller,* 61 id. 767, 60 Pac. 1060.

Error from court of appeals, northern department; JOHN H. MAHAN, ABIJAH WELLS, and SAM'L W. McELROY, judges. Opinion filed April 6, 1901. *In banc.* Affirmed.

---

*For opinion by the court of appeals, see **10 Kan. App. —, 61 Pac.** 874.—REP.

Broughan v. Broughan.

*J. A. Smith*, for plaintiffs in error.

*Alden & McFadden*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. : This was an action of ejectment in which the defense of adverse possession was pleaded. More than fifteen years before the commencement of the action, the defendants, being in possession, deeded the land in controversy to plaintiff below, continuing, however, to occupy the same. The district court refused to receive testimony offered by the defendants below to the effect that they had made declarations while living on the land that they were not leasing it but owned the property; that Lawrence Broughan had insured a house situated thereon in his own name and told the insurance agent that the property belonged to him. The wife of Lawrence Broughan was not permitted to testify whether she or her husband had ever mortgaged the land. The testimony excluded might have been competent in some cases, but it was not admissible to prove in that way that the defendants below held the land adversely to the ownership of Thomas Broughan without proceeding further and showing that such acts, declarations and statement had been brought to his knowledge. Having executed a deed to the land, the plaintiffs in error, after that time, presumably held possession in subordination to the title of their grantee, and they could not convert such possession into one of hostility unless such grantee or owner had express notice of their changed position in relation to him.

In the case of *Graydon v. Hurd*, 5 C. C. A. 258, 55 Fed. 724, 729, it was held that where a mortgagor, after foreclosure of the mortgage, remains in posses-

sion, he is to be regarded as a tenant by sufferance and to hold in subordination to the title of the purchaser at the sale, and does not hold adversely thereto until the relation of tenant by sufferance is disavowed and the purchaser has knowledge or notice of the disavowal. In that case the court instructed the jury that, if the possession was so notorious, open and visible as to be known to the people generally in the vicinity, then the jury were authorized to find that the plaintiffs had notice of it, although they might not be able to point out any actual notice. Such instruction was held to be "fatally misleading." The court said:

"It was, in effect, entirely ignoring the distinction between what is necessary to acquire an adverse and hostile possession of land by those who have entered under and in subordination to the title of another, and commenced to hold thereunder, and those whose entry was adverse, and whose possession had never been subordinate to the title against which the possession is sought to be adverse. This distinction is material, and should not be ignored." (See, also, *Collins v. Johnson,* 57 Ala. 304; *Harrison v. Pool,* 16 id. 167.)

By reason of its generality we cannot consider the assignment of error based on the admission of improper and incompetent evidence. Counsel for plaintiffs in error complain of the reception of testimony given by Thomas Broughan, contained in the record, "beginning on page 77 and continuing to page 95"; also "all the testimony, objections and exceptions in the cross-examination of said witness, beginning on page 99 and ending on page 104, all the rulings of the court in which plaintiffs in error were not allowed the right to cross-examine upon matters about which the court allowed Thomas Broughan to testify in chief." (See *Gilmore v. Butts,* 61 Kan. 315, 316, 59

Pac. 645; *Garden City v. Heller*, 61 id. 767, 60 Pac. 1060.)

Plaintiffs in error are in no position to complain of defects in the notice to quit served on them in conformity to the requirements of the landlord and tenant's act. If they were entitled to any notice as tenants of Thomas Broughan, they certainly were not holding adversely to him, but in recognition of his title.

The instructions given fairly state the law, and those tendered by defendants below were properly refused.

The judgment of the court of appeals will be affirmed.