No. 23,038.

CHRISTIAN VONFELDT, *Appellee,* v. MRS. WILLIAM SCHNEIDE-WIND and BERNARD MCNIFF, *Appellants,* et al.

SYLLABUS BY THE COURT.

1. COTENANCY—*Deed by One Cotenant—Purporting to Convey Full Title —Possession Taken by Grantee—Possession Adverse to Remaining Cotenants.* A deed describing the grantors as the sole and only heirs of a former owner who had died intestate, and the property conveyed as the land itself, is to be interpreted as purporting to convey a full title, and possession taken under it is presumed to be adverse to any heirs not joining in its execution, notwithstanding its covenants are that the grantors are seized of "a full interest" and will warrant and defend "their said interest."

2. SAME—*Adverse Possession.* The evidence is held to show adverse possession for more than fifteen years, and the acquiring of title by the plaintiff before the action was begun.

3. SAME—*Evidence.* The question whether certain evidence was properly admitted is not passed upon because the error, if any, would not be a ground of reversal.

Appeal from Ellis district court; ISAAC T. PURCELL, judge. Opinion filed June 11, 1921. Affirmed.

*C. M. Holmquist, A. D. Gilkeson,* both of Hays, *Guy L. Hursh,* and *C. M. Monroe,* both of Topeka, for the appellants.

*E. A. Rea,* and *E. C. Flood,* both of Hays, for the appellee.

The opinion of the court was delivered by

MASON, J.: In an action begun December 6, 1917, Christian Vonfeldt obtained a decree quieting title to a quarter section of land and Mrs. William Schneidewind and Bernard McNiff

appeal. As against the appellants the plaintiff's title rests upon possession for fifteen years and the question in controversy is whether such possession as to them was adverse.

1. The land was originally owned by John McNiff and Owen McNiff. John McNiff died intestate and his half interest passed to his widow, Bridget McNiff, and their five children, two of whom are the appellants. Bridget McNiff thereby became the owner of a one-fourth interest and each child of a one-twentieth interest. Owen McNiff conveyed his interest to David McNiff, who conveyed it to Bridget McNiff, whose interest was thereby increased to three-fourths. The title stood in this condition until Bridget McNiff and her three children other than the appellants united in a deed to Mrs. M. Dowler and Hiram Russell, which was executed November 30, 1900, and recorded January 7, 1901. Possession has been held ever since under that deed, the rights of the grantees through a series of conveyances having passed to the plaintiff June 30, 1917. The correctness of the judgment turns principally upon whether the deed to Mrs. M. Dowler and Hiram Russell, in which the appellants did not join, is to be construed as purporting to convey the full title to the land. The deed, which was executed in Illinois, read:

"This indenture, made this 15th day of November, A. D. 1900, between Catherine Monohan, a widow, Margaret A. McNiff, single, Ellen McNiff, single, and Bridget McNiff, a widow, sole and only heirs of John McNiff, deceased, and of Will county in the state of Illinois, of the first part, and Mrs. M. Dowler and Hiram Russell, of Ellis county in the state of Kansas, of the second part,

"Witnesseth, That the said parties of the first part in consideration of the sum of Twelve Hundred ...... and ...... dollars, the receipt whereof is hereby acknowledged, do by these presents grant, bargain, sell and convey unto said parties of the second part, their heirs and assigns, all the following described real estate, situated in the county of Ellis and state of Kansas, to wit:

"The northeast quarter of section No. nineteen (19) in township No. twelve (12) south of range No. nineteen (19) west of the 6th P. M. containing one hundred and sixty acres (160).

"To have and to hold the same, together with all and singular the tenements and appurtenances thereunto belonging or in anywise appertaining, and said parties of the first part for themselves, their heirs, executors or administrators do hereby covenant, promise and agree to and with said parties of the second part, that at the delivery of these presents they are lawfully seized of a full interest in the above-described premises, and

Vonfeldt v. Schneidewind.

that they will warrant and defend their said interest therein to the said parties of the second part, their heirs and assigns, against the lawful demands of all persons claiming under or through said parties of the first part."

Possession by one' of several cotenants is not ordinarily adverse as to the others. But by the great weight of authority a grantee of such a cotenant by a deed purporting to convey a full title is presumed to claim all that his deed calls for and therefore to hold adversely to the other coöwners. (2 C. J. 185; 2 Enc. L. & P. 493; 1 R. C. L. 743, note 16.) The deed in question recites specifically that the grantors were the sole and only heirs of John McNiff, and the granting clause describes the land itself and not a mere interest in it. If the recital were true the deed would necessarily pass a complete title. The conveyance therefore explicitly undertook to vest full ownership in the grantees, and its terms were such as to advise the heirs who did not join in its execution that occupancy taken under it was hostile to their claims. It is true that the covenant of title and warranty refers to "a full interest" instead of the full title, but we do not regard this ambiguous expression as sufficient to detract from the force of the unequivocal recital of exclusive heirship. Covenants of title and warranty are generally given weight in determining whether a deed is to be interpreted as assuming to pass a full title, upon the ground that the willingness of the grantor to enter into them is calculated to encourage the grantee to believe that no one else has an interest in the property (Note, 109 A. S. R. 611), although the editor of the note cited expresses the view (p. 612) that there can be no substantial difference in this regard between a conveyance with and one without covenants for title. A mere quitclaim which neither expressly nor by implication asserts full ownership in the grantor of course stands upon a different footing. It follows that possession taken under the deed in question was adverse to the appellants.

2. The appellants contend that there was no sufficient evidence to support a finding of possession by the plaintiff and his predecessors in interest for a period of fifteen years. One witness testified that to his knowledge it had been continuously in possession of and farmed by claimants under the deed referred to since 1900; that during that time 110 acres of it had been

cultivated and the remainder under fence. The plaintiff testified that when Hiram Russell and Mrs. Dowler bought the land they did the breaking. His testimony as a whole was somewhat ambiguous, but the net effect was a matter for the determination of the trial court. After the evidence was all in the judge remarked that it warranted the court "in holding that open and notorious possession from and after that date in 1909 quiets the title." It is probable that the year 1909 was mentioned by inadvertence instead of 1900 (the year the deed quoted from was made). In any event however this obviously casual utterance cannot overcome the express finding incorporated in the judgment "that plaintiff and his immediate grantors have been in the open, notorious and exclusive possession of the real estate described herein for more than fifteen years last past," and the implied finding that such possession had continued for at least fifteen years when the action was brought.

It is contended that the plaintiff had no standing to maintain the action because at the time it was brought he had merely a contract for the title, his deed not having been recorded until 1919. We need not determine whether the plaintiff would have been qualified to bring the action before acquiring the legal title, for there was evidence that the land was deeded to him June 30, 1917, and he said he obtained the deed in October or November of that year. There being nothing to indicate the contrary it must be assumed that the court properly found that the plaintiff was the owner of the farm when he filed the petition.

3. Complaint is made of the admission of incompetent evidence, but as the judgment does not appear to have been influenced by it and the case was tried without a jury, the error, if any, is not a ground of reversal.

The plaintiff's immediate grantor made an effort to procure a quitclaim from one of the appellants, but as this took place after he had conveyed to the plaintiff and more than fifteen years from the record of the deed to Mrs. Dowler and Russell, it had no bearing upon the question of adverse possession; nor do we understand that the appellants rely upon it in that connection.

The judgment is affirmed.