Shaw v. Bandel.

---

No. 26,995.

Dellno Shaw, *Appellee,* v. Josephine Bandel et al., *Appellants.*

SYLLABUS BY THE COURT.

Adverse Possession — *Hostile Character — As Between Joint Owners.* When two parties jointly own real property and jointly occupy it harmoniously one of them cannot, as against the other, claim full title to such real property by adverse possession.

Appeal from Pottawatomie district court; Martin A. Bender, judge. Opinion filed January 8, 1927. Affirmed.

*W. E. Smith,* of Wamego, *A. E. Crane, B. F. Messick, A. Harry Crane,* all of Topeka, for the appellants.

*E. C. Brookens, E. S. Francis, H. L. Hart,* all of Westmoreland, *Hal E. Harlan* and *A. M. Johnston,* both of Manhattan, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action in ejectment and for the partition of real property and for rents and profits. It was tried to the court.

Adverse Possession, 2 C. J. pp. 50 n. 7, 117 n. 12, 118 n. 24, 120 n. 29; 1 R. C. L. 701.

Judgment was rendered for the plaintiff, and the defendant has appealed.

All parties claim through Andrew D. Shaw, who in 1872 and for several years prior thereto owned and with his family resided upon all that part of the west half of section 20, township 9, range 10 east, lying north of Rock Creek, in Pottawatomie county, Kansas, and containing approximately 170 acres. Andrew D. Shaw died intestate April 5, 1872, and left surviving him his widow, Henrietta Shaw, and six minor children. The land was partitioned in the probate court in 1875, and to the widow was set off the west half of the tract, about 85 acres, and to the children collectively the east half of the tract, and that action is not questioned in this case. Henrietta Shaw sold to Patrick Sullivan the west 50 acres of the west 85-acre tract. In 1884 Armer P. Shaw, the oldest son, conveyed to his mother, Henrietta Shaw, his undivided one-sixth interest in the east 85-acre tract. He died later intestate and without issue. In 1886 Elizabeth Fowler, a daughter, conveyed to her mother, Henrietta Shaw, her undivided one-sixth interest in the east 85-acre tract. At the same time Henrietta Shaw conveyed to Elizabeth Fowler 15 acres directly east and adjoining the 50-acre tract she had previously sold to Patrick Sullivan. In 1886 John W. Shaw, one of the sons, married and brought his wife to live in the home with Henrietta Shaw. About the same time Grant Shaw, the other son, left home. The other two daughters were then minors and continued to live at the home for some time. Some time later John W. Shaw purchased the undivided one-sixth interest in the east 85-acre tract from Grant Shaw and from the two younger sisters. He also purchased from Elizabeth Fowler the 15 acres conveyed to her by Henrietta Shaw in the west 85-acre tract. Henrietta Shaw and John W. Shaw and his wife and family continued to live on the premises until 1922, when Henrietta Shaw died intestate. At the time of her death the records showed Henrietta Shaw to be the owner in fee of the east about 20 acres of the west 85-acre tract, and of an undivided two-sixths interest in the east 85-acre tract, and showed John W. Shaw to be the owner of an undivided four-sixths interest in the east 85 acre tract and the owner in fee of the 15 acres which Henrietta Shaw had conveyed to Elizabeth Fowler in 1886. Thereafter, and in January, 1925, the four living children of Henrietta Shaw other than John W. Shaw, namely, Mary Shaw (Dodgion), Elizabeth Shaw (Fowler), Laura B. Shaw (Crouch),

and Grant Shaw, by their respective quitclaim deeds, conveyed to the plaintiff, Dellno Shaw (a son of John W. Shaw), all their right, title and interest in and to the east 85-acre tract and the east about 20 acres of the west 85-acre tract. Plaintiff claims an interest in the land by virtue of these deeds.

In May, 1895, John W. Shaw and wife and Henrietta Shaw mortgaged the east 85-acre tract to S. S. Pearson for $1,000, which mortgage was later released of record. In March, 1906, John W. Shaw and wife mortgaged the east 85-arce tract, and also the east about 20 acres of the west 85-acre tract, to S. S. Pearson for $1,500, which mortgage was later released of record. In 1910 John W. Shaw and wife gave a mortgage on the east 85-acre tract and upon the east about 35 acres of the west 85-acre tract and upon some lots in the city of Louisville to the Farmers State Bank of Wamego for $10,000, which mortgage was later released. In November, 1916, John W. Shaw and wife gave a mortgage to E. V. Pearson for $6,000 on the east 85-acre tract and the east about 35 acres of the west 85-acre tract and certain lots in Louisville. This mortgage was later assigned to Josephine Bandel, defendant herein. At the same time, and covering the same land, a commission mortgage of $300 was given to E. V. Pearson. In April, 1917, John W. Shaw and wife gave a mortgage on the east 85-acre tract and the east about 35 acres of the west 85-acre tract to J. W. Arnold for $7,511. This mortgage was assigned to Josephine Bandel and Emma Plesse, who in May, 1920, brought an action to foreclose the same against John W. Shaw and wife. Judgment was rendered against defendants for the sum due and decreeing the foreclosure of the mortgage. The land was sold at sheriff's sale and bought by Josephine Bandel, and in default of redemption a sheriff's deed was issued to her, which was duly recorded. Josephine Bandel went into possession of the property February 20, 1925, by virtue of such sheriff's deed. In September, 1923, Josephine Bandel brought an action to foreclose the $6,000 which had been assigned to her by E. V. Pearson. This action went to judgment, but there has been no sale of the property thereunder. In some manner, unexplained, all of the land described in the mortgages last mentioned got on the tax roll in the name of John W. Shaw, and for many years the tax records show that he paid the taxes thereon.

At the time this action was brought the defendant, Josephine Bandel, was in possession of the real property sought to be parti-

tioned, claiming full title thereto under and by virtue of the sheriff's deed above mentioned. The trial court found that the plaintiff, Dellno Shaw, is the owner of an undivided four-fifths of the east about 20 acres of the west 85-acre tract, and that he is the owner of an undivided four-fifteenths of the east 85-acre tract, and rendered judgment accordingly.

The defendant appealed, and contends that under the evidence the court should have found that John W. Shaw had full title to the real property described in the mortgage which was foreclosed. While appellant concedes that the records of the probate court and of the register of deeds disclosed the title to be as found by the court, it is contended that the evidence shows that John W. Shaw had obtained full title to the property as against Henrietta Shaw and those claiming under her by adverse possession. This contention cannot be sustained.

The general rule is that adverse possession of real property, of the character to ripen into title, must be actual, visible, exclusive, hostile, and continual during the time necessary to create a bar under the statute of limitations, which in this state is fifteen years (R. S. 60-304, 4th clause). Whenever any of these elements is lacking no title by adverse possession can ripen. (2 C. J. 50, 119, 120; 1 R. C. L. 686, 701, 702; *Missouri River F. S. & G. R. Co. v. Owen,* 8 Kan. 410; *Broughan v. Broughan,* 10 Kan. App. 575, 61 Pac. 842; 62 Kan. 724, 64 Pac. 608; *Dickinson v. Bales,* 59 Kan. 224, 52 Pac. 447; *Finn v. Alexander,* 102 Kan. 607, 171 Pac. 602.)

Here the possession of John W. Shaw was not exclusive. When he married, in 1886, he brought his wife to the home of his mother, Henrietta Shaw. Together they occupied the premises until her death in 1922. Neither does the evidence show that his possession was hostile to hers, but rather shows that their possession was joint and harmonious. He farmed or managed the place, rented part of it to tenants some years, and perhaps rented all of it some years, collected the rents, paid the taxes and gave part of the proceeds to his mother. Just what part of the proceeds he gave to his mother is not clear from the evidence; perhaps it was not the same each year. But the share of income received by her was a matter between a mother and her son, and if satisfactory to them the defendant here cannot complain of it. Ordinarily when joint owners of property jointly occupy it harmoniously, neither of them can contend that his possession is adverse to that of the other. (*Squires v. Clark,*

17 Kan. 84; *Schoonover v. Tyner,* 72 Kan. 475, 84 Pac. 124; *Cribb v. Hudson,* 99 Kan. 65, 160 Pac. 1019; *Vonfeldt v. Schneidewind,* 109 Kan. 265, 198 Pac. 958.)

The payment of taxes by John W. Shaw, and he and his wife executing mortgages thereon, as owners in fee,' evidence a claim of ownership of the land on his part, and these facts are proper to be considered by the court, together with all of the other facts and circumstances pertaining to the possession of the premises as disclosed by the evidence, but of necessity they are not conclusive upon the question of actual or exclusive possession, for, one may pay taxes on land and mortgage it as owner when he has no actual possession of it—even when the actual possession is held adverse to him by another. See authorities, *supra.*

It was not error for the court to hold that John W. Shaw did not, by adverse possession, acquire full title to the real property in controversy as against his mother, Henrietta Shaw. The sheriff's deed to defendant conveyed only the interest of John W. Shaw and his wife. (*Culp v. Kiene,* 101 Kan. 511, 168 Pac. 1097.)

The judgment of the court below is affirmed.