No. 36,645

THE FARMERS STATE BANK, of Clay Center, *Appellee, v.* LIZZIE
LANNING et al. (Walter F. McGinnis, Jr., et al.), *Appellants.*

(174 P. 2d 69)

Opinion filed November 9, 1946.

*Walter F. McGinnis, Jr.,* of El Dorado, argued the cause, and *Kirke C. Veeder,* of Independence, was with him on the briefs for the appellants.

*W. M. Beall,* of Clay Center, argued the cause, and *O. L. O'Brien, Walter L. McVey* and *John F. O'Brien,* all of Independence, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action to quiet title to real estate. The plaintiff prevailed and some of the defendants have appealed.

So far as applicable to appellants, who were identified as heirs-at-law of Mr. and Mrs. W. F. McGinnis, deceased, the petition states they claim some right in the lands described therein and sets forth the nature of their claims thereto. It then alleges plaintiff is the owner in fee simple and in the actual possession of a 490-acre tract of real estate situated in Montgomery county and that it and its predecessors in title have been in the actual, open, notorious, continuous, exclusive, adverse and hostile possession of

such land for more than fifteen years prior to the date of the filing of the action.

The answer contains a general denial and a further allegation that on all dates mentioned in the petition the appellants were co-tenants with the plaintiff and that the latter at no time denied, or took action resulting in a repudiation of their claims of title to the land as such cotenants. It further states appellants are the owners. of an undivided one-half interest in the entire tract and prays their title thereto be quieted as against the plaintiff as well as all other defendants and that such real estate be partitioned among its respective owners as provided by law.

The reply specifically denies appellants have any interest in the real estate or that they were ever cotenants with plaintiff.

With the pleadings in substance as heretofore set forth plaintiff moved for a trial of the case on its merits by the court. This motion was resisted by appellants and was subsequently overruled. Thereafter, the cause was set down for trial to a jury on a day certain. When that day came the trial court on its own motion reversed its previous order and, over objection of the appellants, ruled such cause should be and it was thereafter tried by the court.

We pause here to note that both the petition and reply, the allegations of which have been merely summarized, were motioned by appellants. The abstract sets forth those motions, each overruled by the court, at length apparently upon the theory their denial was erroneous. However, assuming such action is relied on as error under specifications of error pertaining to erroneous rulings of the trial court and the overruling of the motion for new trial, the question is not here and mere mention of it to show it has not been overlooked is all that is required. Although motions, and rulings of the court thereon, are fully abstracted appellants neither brief nor argue the propriety of the trial court's action. Under such circumstances claims of error with respect thereto are regarded as abandoned and receive no consideration on appellate review. (*Henderson v. Deckert*, 160 Kan. 386, 391, 162 P. 2d 88, and cases there cited.)

Since its decision depends entirely upon the pleadings, and if determined in accord with appellants' contentions would require a new trial regardless of the merits, we depart also from what appears to be customary procedure with respect to the form of our written opinions and before making any factual statement will give

consideration to a question which is here and must be determined. Appellants' first specification of error is that the trial court erred in refusing to grant them a jury trial. That a solution of the question so raised is not entirely devoid of difficulty must be conceded. Ofttimes just when a trial by jury may be demanded by either plaintiff or defendant as a matter of right in an action concerning real property is very uncertain and confusing. However, although not easily determined, we do not regard the present question as coming within that category.

In the first place it must be admitted the universal rule is that in a suit in equity a jury trial cannot be demanded by either party as a matter of right (*Woodman v. Davis,* 32 Kan. 344, 347, 4 Pac. 262; *Robertson v. Robertson,* 100 Kan. 133, 163 Pac. 655; *Spena v. Goffe,* 119 Kan. 831, 241 Pac. 257; *Sipe v. Taylor,* 133 Kan. 449, 300 Pac. 1076 and *Tamsk v. Continental Oil Co.,* 158 Kan. 747, 750, 751, 150 P. 2d 326).

Necessarily it follows that in equitable actions the right is demandable only when granted by express provision of the statute. In this state we are not without statutory authority on the subject. G. S. 1935, 60-2903, reads:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

By the foregoing section we are told, and our decisions so construe it (*Fisher v. Rakestraw,* et al., 117 Kan. 441, 232 Pac. 605, and *State Bank of Downs v. Criswell,* 155 Kan. 314, 124 P. 2d 500), that in civil cases involving real estate the right of trial by jury only exists where recovery of its possession is the paramount purpose of the action.

Finally it must be conceded that under our decisions construing the section just quoted, notwithstanding provisions of the code (G. S. 1935, 60-201) abolishing the distinction between actions at law and suits in equity, actions to quiet title instituted under the authority of what is now G. S. 1935, 60-1801, where the plaintiff is in possession, involve matters of equitable cognizance which are triable without a jury (*Corbin v. Young,* 24 Kan. 198, 201; *Bennett v. Wolverton,* 24 Kan. 284, 288; *Larkin v. Wilson,* 28 Kan. 513; *Butts v. Butts,* 84 Kan. 475, 114 Pac. 1048; *Foresman v. Foresman,* 103 Kan.

698, 699, 175 Pac. 985; and *Cooper v. Cooper,* 147 Kan. 256, 258, 76 P. 2d 867).

For many decisions on the subject see 117 A. L. R. 17, IIa, where it is said:

"In an ordinary suit, statutory or otherwise, to quiet title, remove cloud, or determine adverse claims, brought by one in possession of land, there is, in most jurisdictions, no right to a jury trial."

From an examination of the pleadings can it be said the present action is one for the recovery of real property? We have very little difficulty in concluding that it is not. Here not only appellee but appellants as well claim to be in possession of the land in controversy, the former by adverse possession and the latter as cotenants. Each ask that their title in and to that land be quieted. In such condition it is futile to argue the pleadings reveal the action is for the "recovery of real property" within the meaning of that term as used in the statute or that, under either statute or our decisions, the trial court erred in denying appellants a jury trial.

Appellants vigorously contend they were entitled to a jury on the question of adverse possession. In support of their position they cite *Guinn v. Spillman,* 52 Kan. 496, 35 Pac. 13; *Dickinson v. Bales,* 59 Kan. 224, 52 Pac. 447; *Atkinson v. Crowe,* 80 Kan. 161, 102 Pac. 50 and *Kyte v. Chessmore,* 106 Kan. 394, 188 P. 2d 251. Resort to those decisions reveals that each deals with a situation where the action as instituted was held to be one for the recovery of real property or an interest therein. Appellants cite no case in this jurisdiction, and we find none, where the right is granted under conditions such as exist in the case at bar. The error in their position comes from a refusal to recognize the fundamental test to be applied in the determination of when litigants are entitled to jury trials under the provisions of our statute.

Summarized, undisputed evidence produced at the trial discloses the following facts: On January 9, 1919, Mr. and Mrs. McGinnis conveyed by warranty deed the 490-acre tract in controversy to Geo. W. Hanna at a time when the title stood in the name of Mr. McGinnis; such deed was signed by the latter for Mrs. McGinnis as attorney in fact but no power of attorney authorizing her signature appears of record; this deed was recorded in December, 1919; thereafter L. M. Stitzell acquired title to the south 330 acres of such tract and in September, 1924, conveyed it by special warranty deed to Geo. W. Hanna and Mrs. W. F. McGinnis; on January 12, 1929,

Hanna, his wife joining, conveyed all of the entire 490 acres to the plaintiff by special warranty deed the terms of which stated the grantors were the lawful owners of the land so conveyed and seized of a good and indefeasible estate of inheritance therein; this deed was properly recorded in Montgomery county on January 14, 1929; George W. Hanna died in April, 1933, Mrs. McGinnis died in July, 1933, and Mr. McGinnis died in November, 1937; the present action was commenced on June 12, 1944.

Based on the foregoing facts and certain disputed testimony relating to adverse possession to be presently referred to, and which appellants concede presented the sole question of fact involved in the case, the trial court made findings of fact and concluded as a matter of law that plaintiff was the owner of the 490-acre tract and entitled to a decree quieting its title therein. Judgment was rendered accordingly.

Thus we come to alleged errors assigned by appellants as grounds for a reversal of such judgment.

First it is urged the trial court erred in rulings on the admission of evidence and was guilty of abuse of discretion in the general conduct of the trial. Rulings on evidence specifically complained of relate to the bank's records respecting receipts from and expenditures on the land from the date of its purchase from Hanna up to the time of the trial and the only point here argued and presented is that those records were not the best evidence. They were identified by an official of the bank and purported to contain entries made by agents of the bank from time to time in the course of its dealings with the property. As such they were entirely competent and it was not error to permit them to be introduced as a part of appellee's case. With respect to abuse of discretion appellants merely direct our attention to one place in the record wherein it appears the trial court in ruling on an objection to evidence said: "In all cases where they have the tax receipts we will present them." We are not informed as to the conditions under which the remark was made nor do appellants point out any other act on the part of the trial judge indicative of bias or prejudice. Under all the circumstances we are inclined to the view the statement was made inadvertently and without willful design. In any event, standing alone—and appellants have offered nothing more—we cannot say the statement as made warrants a conclusion the trial judge was guilty of abuse of discretion in the general conduct of the trial.

Next it is contended a demurrer to appellee's evidence was erroneously overruled for the reason one of appellee's own witnesses testified that Mr. McGinnis had attempted to sell him the land within four or five years prior to 1935 and within fifteen years from the date of the filing of the action. One sound reason for rejection of this contention is that if the only construction to be given the testimony of this witness is that placed upon it by appellants, the mere fact McGinnis was trying to sell the land does not compel a conclusion the appellee was not then in possession and claiming title notwithstanding whatever claims McGinnis might be making to it. Another is that appellants place their own construction upon the testimony. The fact is that the same witness stated he did not know when McGinnis tried to sell him the land and was so indefinite and uncertain on the point the trial court could quite properly have concluded the conversation in question took place prior to the date on which Hanna deeded the property to appellee. In addition, on this point and others not so strenuously urged by appellants as grounds for the sustaining of its demurrer, it should be stated the record discloses other evidence which, if believed, sustains the claim of title as made by appellee in its petition. Therefore, with the record in that state the trial court under well-established rules pertaining to the construction to be given evidence on demurrer not only should have but was required to take the action of which appellants now complain. (*Smith v. Kansas City,* 158 Kan. 213, 216, 146 P. 2d 660, and decisions there listed.)

Appellants' final claim of error relates to the trial court's findings of fact and conclusions of law.

The findings of fact complained of and alleged to be erroneous because contrary to and not supported by the evidence read:

"(7) That immediately upon the execution and delivery of said deed by the said Geo. W. Hanna and wife to said plaintiff bank, mentioned in Finding (3), it, said bank, took possession of said lands, and each and every part thereof, by and through its tenants, and ever since said time it has been in the exclusive, open, continuous, hostile, adverse and notorious possession thereof, in good faith, claiming the title thereto, which possession was so held by it continuously and uninterruptedly for more than fifteen (15) years next prior to the institution of this suit.

"(8) That when plaintiff took possession of all of said real estate in the month of January, 1929, under said deed from the said Geo. W. Hanna and wife, such possession was hostile, adverse, open and exclusive from its very inception and has so remained to this time, and it took possession thereof with the express intention of claiming it all as its own.

"(9) That at no time has the plaintiff ever recognized said defendants or anyone else as its cotenants or as having any interest whatever in said lands.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(11) That during plaintiff's possession of said real estate as hereinbefore found, plaintiff collected the rents from the various tenants on such lands, constructed or at least repaired a pond or two on a portion of such lands, caused the fences to be repaired from time to time and hay and wood to be cut and divided on the shares and sold, advertised the lands for sale from time to time, leased such lands to various tenants for grazing and haying purposes, as well as for oil, paid the taxes from time to time thereon, and otherwise, in all respects, during such occupancy, exercised all the rights of an owner thereof.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(16) That said defendants, the heirs of Ida M. McGinnis, also known as I. M. McGinnis and Mrs. W. F. McGinnis, and of W. F. McGinnis, Sr., both deceased, who are contesting plaintiff's title in and to said real estate, never at any time, from the filing of record of said deed from Geo. W. Hanna and wife to plaintiff, mentioned in Finding (3) herein, to the time of the filing of this suit, made any claim to such land or any part thereof, or in any way whatsoever exercised at any time any control or acts of ownership with reference thereto, but on the other hand had forgotten all about the land.

"(17) That at no time during the occupancy and possession of such lands by plaintiff, until the time of the filing of this suit, did anyone whomsoever challenge plaintiff's title to such lands.

"(18) That plaintiff always supposed, until a short time before the filing of this action, when it contracted to sell a portion of such land, that it held a perfect fee simple title of record in and to all of such lands."

While appellants state the sole question of fact is whether "appellee has had the actual open, notorious, hostile, under claim of right, continuous and exclusive possession of the real estate involved for the statutory period of fifteen years previous to the date of the filing of this action, namely, the 12th day of June, 1944," their argument when examined reveals their actual position is not that appellee did not have the possession required to establish adverse title during the latter part of the fifteen-year period immediately preceding the filing of the petition but that it had actually acquired such possession within and not prior to that time. For that reason and the additional one that an examination of the record discloses an abundance of testimony to sustain them we hold without laboring the facts, that so far as it relates to findings of fact 9, 11, 16, 17 and 18, appellants complaint is without merit and turn to consideration of their real contention as it applies to the portion of findings 7 and 8 holding that immediately upon the execution and delivery of the deed from Hanna appellee took possession of the

land with the intention of claiming it all as its own. At the trial the testimony on this point was necessarily limited. George Hanna and Mrs. McGinnis had been dead for more than twelve years and Mr. McGinnis for eight years. The appellants conceded that in making inventories of their mother's estate they had not listed the property or any part thereof as among her assets and admitted that until the suit was filed they had forgotten all about ever having had any interest therein. The only evidence produced by appellee on the point was: A statement of the bank official who had charge of the books pertaining to the property to the effect the bank had collected rent on it starting soon after it received its deed; an entry on such books, under date of February 4, 1929, showing receipt by the bank of rent in the sum of $100; and the special warranty deed from Hanna to appellee which, the parties stipulated, was recorded in the office of the register of deeds of Montgomery county on January 14, 1929. Under all the existing circumstances we believe the foregoing evidence was sufficient to support the particular portions of the findings under consideration. It follows, since there was an abundance of testimony evidencing the possession thus acquired continued to the date of the trial under circumstances consistent with appellee's claim of adverse possession, that findings 7 and 8 must be sustained in their entirety. Having reached that conclusion it would serve no useful purpose to refer to evidence produced by appellants on the subject for, under our repeated decisions (*In re Estate of Rinker*, 158 Kan. 406, 410, 147 P. 2d 740), findings sustained by sufficient evidence are conclusive on appeal notwithstanding there is some evidence to the contrary.

Appellants' principal contention with respect to the trial court's conclusion of law and the judgment is based upon the proposition that the possession of one tenant in common cannot ripen into title by adverse possession against his cotenants until they have first been given actual notice of a repudiation of their rights. They insist the record fails to disclose notice of the kind required and that, therefore, the court's conclusion the title should be quieted is contrary to both evidence and law. In support of their position they cite *Schwab v. Wyss*, 136 Kan. 54, 12 P. 2d 719. In that case the court was dealing with a situation where the parties had inherited land as tenants in common and one was claiming title by adverse possession as against the others. Even there it should be noted that after announc-

ing the canon of law now relied on the opinion states—"The rule further is that notice to the other cotenants may be inferred from acts or circumstances attending such adverse possession." We have no quarrel with the rule which appellants seek to invoke. The difficulty is that it is not applicable to or determinative of the factual situation in the case at bar. Another equally well-established legal principle is decisive of the rights of the parties in a case where —as here—a grantee of a cotenant by deed purporting to convey a full title promptly records his deed, takes possession of the real estate and thereafter seeks to quiet his title as against his grantor's cotenants. In that situation such grantee is presumed to hold all that his deed calls for and therefore to hold adversely to the other co-owners (*Vonfeldt v. Schneidwind*, 109 Kan. 265, 267, 198 Pac. 958; 2 C. J. S. 601, § 72m; 1 Am. Jur. 833, § 68; 1 R. C. L. 743, § 62).

In conclusion it should perhaps be mentioned there are other reasons in addition to those heretofore stated why the judgment quieting appellee's title to the north 160 acres should be upheld. However, there is no occasion for further reference to them as appellants' counsel with commendable candor concede in oral argument that since Mrs. McGinnis predeceased her husband the deed executed by the latter on January 9, 1919, passed title to Hanna and the judgment quieting appellee's title in and to that tract is no longer regarded as an important issue on this appeal.

We find nothing in the record which would justify the granting of a new trial or require a reversal of the decision of the trial court. The judgment is therefore affirmed.