**MORRISON v. HAWKSETT et al.**

No. 7382.

Supreme Court of North Dakota.

June 2, 1954.

O. B. Benson, Bottineau, for plaintiff and appellant.

Roland A. Heringer, Rugby, for defendants and respondents.

BURKE, Judge.

This is an action to quiet title. Upon trial of the action in district court, the answering defendants, Edmund Hawksett and Maude J. Hawksett, prevailed. Plaintiff has appealed from the adverse judgment entered in the action and has demanded a trial de novo in this court.

None of the facts in the case is in dispute. Margaret E. Hawksett acquired ti-

tle to the land in question here in 1925. She died intestate in 1930, leaving as heirs at law, her widower, Edmund O. Hawksett, and two children Beatrice Hawksett Ireys, and Arthur O. E. Hawksett. Arthur O. E. Hawksett died intestate in 1938, leaving as his heirs at law his widow, Maude J. Hawksett, and his son, Edmund Hawksett, who are the answering defendants in this action. There were no probate proceedings with respect to the estates of any of these deceased persons and the record title to the land remained in Margaret E. Hawksett.

On April 13, 1940, Edmund O. Hawksett, widower, Beatrice Hawksett Ireys, and Will Ireys, her husband, conveyed the land in controversy to the plaintiff, Ross Morrison by quitclaim deed. Morrison immediately thereafter entered into the possession of the described land and has ever since been in possession of the entire tract. He has paid all the taxes levied thereon subsequent to the year 1935.

The plaintiff claims title to the entire tract, by deed in so far as the interests of his grantees are concerned and by adverse possession under the provisions of Section 47-0603, NDRC 1943, Supp.1953, against the interests of the answering defendants.

Section 47-0603, supra, provides:

"A title to real property, vested in any person who shall have been in the actual open adverse and undisputed possession of the land under such title for a period of ten years and who shall have paid all taxes and assessments legally levied thereon, shall be valid in law."

It is conceded by the defendants that plaintiff has been in open and undisputed possession of the land in controversy for more than ten years and that during that time he has paid all the taxes and assessments legally levied against the land. The answering defendants, however, urge that the quitclaim deed that plaintiff received from Edmund Hawksett, Beatrice Hawksett Ireys and Will Ireys conveyed title only to that interest which the grantors had in the land and that the plaintiff at no time has had title or color of title to the interest owned by the answering defendants. Defendants also contend that plaintiff's entry upon the land did not operate as an ouster of his grantors' cotenants and that therefore his possession has not been adverse to them as such cotenants.

■ Under the laws of this state, title to the property of Margaret E. Hawksett vested in her heirs at law immediately upon her death. Her heirs, Edmund O. Hawksett, Beatrice Hawksett Ireys and Arthur O. E. Hawksett, therefore each succeeded to an undivided one third interest in the land in controversy upon her death. Likewise, the heirs of Arthur Hawksett, Maude J. Hawksett and Edmund Hawksett, each succeeded to one half of the interest of Arthur Hawksett upon his death. Section 56-0104, NDRC 1943, Stevahn v. Meidinger, N.D., 57 N.W.2d 1; Ellison v. Strandback, N.D., 62 N.W.2d 95. Thus at the time of the execution of the deed to the plaintiff in this case, his grantors, Edmund O. Hawksett and Beatrice Hawksett Ireys were each vested with an undivided one third interest in the land and Maude J. Hawksett and Edmund Hawksett (grandson of Edmund O.) were each vested with an undivided one sixth interest therein.

The two questions presented for decision, whether the deed executed and delivered to the plaintiff constitutes color of title to the entire tract and whether his entry upon the land under the deed amounted to an ouster of his grantors' cotenants, are in reality but a single question. That is to say: if the deed is sufficient to confer color of title to the whole interest in the land, entry under that deed amounts to an ouster of the grantors' cotenants.

■ Whether the deed was a warranty deed or a quitclaim deed is unimportant as one is as effective as the other to confer color of title. 2 C.J.S., Adverse Possession, § 72 p. 603. Stiles v. Granger, 17 N.D. 502, 117 N.W. 777. The important consideration is what the deed purports to convey. If a deed executed by a cotenant

purports to convey full title to the land to a stranger and the grantee records his deed and enters into possession of all the land described in the deed, the possession of the grantee is adverse to the other co-tenants and is under color of title. Thurmond v. Espalin, 50 N.M. 109, 171 P.2d 325; Ulrich v. Coleman, 218 Ark. 236, 235 S.W.2d 868; Farmers State Bank, Clay Center v. Lanning, 162 Kan. 95, 174 P.2d 69; Jones v. Siler, 129 Tex. 18, 100 S.W. 2d 352.

The deed in the instant case recites that the grantors, "Grant, Bargain, Sell, Release and Quit-Claim to the said party of the second part, his heirs and assigns, forever, all that Right, Title, Interest, Claim or Demand in and to the following piece or parcel of land lying and being in the County of Bottineau and State of North Dakota and described as follows, to wit: The Northwest Quarter (NW¼) of Section Eleven (11) Township 161, Range 80.

"To Have And To Hold The above Quitclaimed premises, together with all the hereditaments and appurtenances thereunto belonging or in anywise appertaining to the said party of the second part, his heirs and assigns Forever."

■ A consideration of the language used in both the granting clause and the habendum clause of the deed can lead only to the conclusion that the deed purports to grant the whole title to the land described. It will be noted that the language used does not specifically limit the grant to the interest of the grantors but describes the interest granted as all that right, title and interest, to the described property. Likewise the purport of the habendum clause is that it is the whole interest in the land described which is conveyed.

In view of the principles of law above set forth and the language used in the deed we are satisfied that plaintiff's possession of the land in controversy was adverse to the defendants and under color of title.

■ Since at the time of the commencement of this action such possession had continued for more than ten years and since during that time plaintiff had paid all taxes levied against the land, plaintiff's title to the entire tract had become valid in law under the provisions of Section 47-0603, supra.

It follows that the judgment of the district court was incorrect. The judgment is therefore reversed and the case is remanded to the district court with directions to enter judgment in favor of the plaintiff.

MORRIS, C. J., and SATHRE and GRIMSON, JJ., concur.

JOHNSON, J., did not participate.