JOE G. AKINS et al., Partners, etc., *Appellants*, v. R. F. HOLMES et al., *Appellees*.

Nos. 18,226 and 18,227.

SYLLABUS BY THE COURT.

1. CONTRACT — *Specific Performance — Fraud Pleaded—Rescission—Jury Trial—Tender of Deed.* The contract between the plaintiffs and the defendants provided for an exchange of property, that belonging to the plaintiffs consisting of real estate in Missouri, and that belonging to the defendants consisting of real estate and personal property in Kansas. The personal property was delivered to the plaintiffs and the deed to the Kansas land was placed in escrow until the deed to the Missouri land should reach the depositary, when both were to be delivered. The defendants then undertook to rescind. They took possession of the personal property, demanded and received their deed of the depositary, and when the plaintiffs' deed subsequently reached the depositary it was immediately returned to them. The plaintiffs brought suit for the specific performance of the unconsummated contract, and with their pleading tendered a deed of the Missouri land. The defendants asked for rescission, on the ground of fraud, and for the cancellation of the contract. *Held:* (a) The plaintiffs were not entitled to a jury trial. (b) Tender of a deed of the Missouri land by the defendants to the plaintiffs was not required before the defendants answered praying for

rescission, and such a deed was not necessary in order to restore the plaintiffs to the position which they occupied before the contract was made.

2. Two ACTIONS — *Specific Performance—Replevin—Based on Same Contract—No Jury Trial.* The plaintiffs also brought an independent action of replevin for the personal property, in which a jury was called, but it was consolidated for trial with the specific-performance case. The jury returned findings of fact and a general verdict for the plaintiffs. The court made findings of fact in favor of the defendants, set aside the findings and verdict of the jury, and rendered judgment for the defendants. *Held,* the consolidation of the two actions for trial was proper, and the court was authorized to make a final determination of the issues in both cases itself, notwithstanding the conduct of the jury.

Appeals from Chase district court. Opinion filed June 7, 1913. Affirmed.

*Dennis Madden,* and *W. C. Roberts,* both of Emporia, for the appellants.

*W. L. Huggins, Humbert Riddle, Henry E. Ganse,* all of Emporia, and *Dudley Doolittle,* of Cottonwood Falls, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action in the district court was one to compel the specific performance of a contract to convey real estate. The relief prayed for was denied and the plaintiffs appeal.

After negotiations between the parties they agreed upon an exchange of property. That belonging to the plaintiffs consisted of land in Missouri and that belonging to the defendants consisted of real estate and personal property in Kansas. The agreement in its entirety was embodied in several written instruments, executed on the 25th day of October, 1911. One of these was a bill of sale of the personal property given by the defendants to the plaintiffs. This property consisted of a stock of merchandise contained in a store

building. Another was a lease from the plaintiffs securing to the defendants possession for a time of certain real estate which they were to convey to the plaintiffs. These instruments were executed upon the consideration of a principal contract, which furnished the basis of the suit. This contract provided for conveyances of the real estate to be exchanged, and contained the following provision:

"Said deed to be executed by the parties of the first part [the defendants] under this contract to be executed and delivered to the Chase County National Bank of Cottonwood Falls, Kansas, there to remain until the said deed to be executed by the parties of the second part [the plaintiffs] and their wives, shall be deposited in said bank. When both of the said deeds to be executed under this contract are in the hands of the bank, the same shall be delivered to the respective parties by said bank in conformity to this contract and to carry out the intention hereof."

The negotiations were concluded at Cottonwood Falls, where the defendants, who were husband and wife, resided. The plaintiffs, who were partners and who resided in Missouri, were represented by Joe G. Akins, a member of the firm. The deed of the defendants was duly executed and deposited in the bank and the store was turned over to Akins, who placed an agent in charge and then returned to Missouri. Fearing that the Missouri land had been misrepresented, R. F. Holmes went to Missouri to satisfy himself regarding the matter. Having done so, he took immediate steps to rescind. On November 3 he demanded and received from the bank the deed of the Kansas land. On November 4 he took possession of the store building and stock of goods, locked the plaintiffs' agent out, and directed him to notify the plaintiffs of the fact, which the agent did by telegram. On November 6 the deed to the Missouri land reached the bank, but was immediately returned to the plaintiffs by direction of the defendants.

The plaintiffs' petition set out the contract of the parties, repudiation by the defendants, performance, willingness to perform, and tender of a deed to the Missouri land, on the part of the plaintiffs, and concluded with the following, prayer:

"Wherefore the plaintiffs pray that the said defendants be specifically required to perform their contract of sale as aforesaid, that they be required to make, execute and deliver to the plaintiffs a good and sufficient conveyance to said property aforesaid sold to said plaintiffs herein, and that they be barred and foreclosed from setting up any claim or interest in said property, or any part thereof."

The answer alleged that the defendants were induced to contract by the false and fraudulent representations of the plaintiffs, and prayed for the cancellation of the land contract, which had been recorded in Chase county, of the bill of sale, and of the lease. After a trial the court made findings favorable to the defendants, covering all the essential facts, and rendered judgment accordingly.

It is claimed that the court erred in not granting the plaintiffs a jury trial. It is elementary that a jury trial is not a matter of right in specific performance cases. It is argued that the action was really one for the recovery of specific real property. The constituent elements of a cause of action for that purpose, however, and of a cause of action for specific performance are radically different, and disregarding the prayer of the present petition, the right claimed by the plaintiffs and the wrong charged to the defendants characterize the action as one for specific performance. There is no similarity between this case and the cases of *Gordon v. Munn,* 83 Kan. 242, 111 Pac. 177, and *Atkinson v. Crowe,* 80 Kan. 161, 102 Pac. 50, 106 Pac. 1052, relied on by the plaintiffs. In each of those cases the contest was between rival claimants to ownership, and the real issue was whether the title of the one party or the title

of the other was such as to require an award of the property to its proponent. The court held that the form in which this issue was cast should not control the method of trial, but that the essential nature of the controversy should determine whether or not a jury trial ought to be granted. This is a case between a vendor and a vendee, in which one party asks for the specific performance of an unconsummated contract to convey and the other asks for rescission on the ground of fraud. Both the form and the substance of the action are purely equitable and a jury trial was properly denied.

It is claimed that the answer was demurrable and that the judgment can not be sustained, because the defendants did not, before answering or in their pleading, tender to the plaintiffs a deed of the Missouri land. The argument is that when the defendants deposited their deed with the bank it passed irrevocably beyond their control; that when the plaintiffs' deed reached the bank the conditions of the escrow were fully performed; that the conduct of the bank in surrendering one deed and in returning the other without the consent of the plaintiffs had no effect upon the rights of the parties; and consequently that when the deed of the Missouri land reached the bank the title to such land passed to the defendants.

The rules relating to the time when an instrument deposited in escrow takes effect are sufficiently discussed in the following cases: *Taylor v. Thomas,* 13 Kan. 217; *Hughes v. Thistlewood,* 40 Kan. 232, 19 Pac. 629; *Grove v. Jennings,* 46 Kan. 366, 26 Pac. 738; *Davis v. Clark,* 58 Kan. 100, 48 Pac. 563; *Guild v. Althouse,* 71 Kan. 604, 81 Pac. 172; *Stanton v. Barnes,* 72 Kan. 541, 84 Pac. 116.

Upon broad equitable considerations, and in order to prevent injustice, title will be deemed to have passed at the time when the condition attached to a delivery

in escrow was performed.   The same assumption will also be indulged to effectuate the intention of the parties to the instrument.   In such cases the fiction of a constructive delivery the moment the condition is performed is interposed in order that a passing of title may be contemplated for the protection of rights dependent upon that legal circumstance.

Speaking generally, it may be said that if a person has received money or property under a contract voidable for fraud he must return what he has received before he is entitled to rescind.   He can not keep what he has obtained and at the same time be relieved of his own obligation, and if he has obtained the title to real estate or the possession of real estate he must reconvey or surrender possession before equity will aid him. This, too, is an equitable doctrine founded upon the maxim that he who seeks equity must do equity.   The end to be attained, however, is equity—the accomplishment of practical justice in matters of substantial concern and not merely the punctilious observance of form and ceremony.

"In all cases, therefore, the equity of the defendant is to be judged of and administered, if it be an equity at all, and if it be not, the claim goes for nothing.   If equity requires a reconveyance to precede suit, it will be so administered; if it can be protected on the trial, as it may in almost every possible case, it will be so administered.   If there be no equity in the case, but only an assumption of it, it ought to be disregarded." (Babcock v. Case, 61 Pa. St. 427, 431.)

Very clearly the doing of equity to the plaintiffs did not require that the defendants should make tender of a deed of the Missouri land before the answer was filed.   The plaintiffs had already instituted litigation having for its object the performance of the contract, and were themselves tendering their own deed of the same land to the defendants.   The demand of the plaintiffs was for a deed of the Kansas land and not of the

52—89 KAN.

Missouri land, and they do not pretend that they would have accepted the offer of a deed to the Missouri land, had one been made, and discontinued the suit or otherwise changed their course. On the other hand, by this appeal they are still striving to secure a deed to the Kansas land and thereby get rid of the other.

It was not essential that the defendants should offer, in the answer or at the trial, to convey the Missouri land to the plaintiffs.. The effect of the relief sought by the defendants was the restoration of the parties to the positions which they occupied before the contract was made, which was all that equity required. A conveyance was not necessary to accomplish that result. The plaintiffs' deed had not in fact been delivered. It was still in their possession and unrecorded. If the contract providing for the execution and delivery of the deed were canceled for fraud there could be no reason in equity for indulging in favor of the plaintiffs the fiction of a constructive delivery and consequent passing of title. They could have no rights needing protection through the application of that equitable doctrine. On the other hand, equity would be done by condemning all the tainted instruments as without legal effect from the beginning. If the deed were still in the possession of the depositary equity would simply cancel it instead of requiring a reconveyance. While the practice differs in different states, the cancellation of a deed which has been placed on record will ordinarily suffice to nullify its force as a conveyance without going through the formality of requiring a reconveyance by the grantee or by an officer of the court for him. Since, therefore, the judgment prayed for in the answer of the defendants would have the very effect of placing the plaintiffs in as good a situation as the one they occupied before the contract was made, the rule requiring an offer of restoration as a condition of rescission was fully satisfied.

With the specific-performance suit the plaintiffs com-

menced an action of replevin to recover possession of the stock of goods which was the subject of the bill of sale. The answer was a general denial. A jury was called in the replevin case, but the two actions were consolidated for trial. The jury were instructed in the usual way upon the issues involved, which, however, the trial demonstrated were the same in both cases. The jury returned a verdict in favor of the plaintiffs and a number of special findings of fact, all adverse to the defendants but one. The court set aside all the special findings except that one, and entered judgment for the defendants notwithstanding the general verdict. The plaintiffs prosecuted a separate appeal, but it was consolidated with the appeal in the specific-performance case for hearing in this court. Although the trial court adhered to the form of separate proceedings in the two cases, the result was that it disregarded the action of the jury, made contrary findings of fact of its own, and adjudicated the issues presented in the replevin case as incidental to those involved in the suit for specific performance. In so doing the court was well within its power, since it ultimately appeared that no jury should have been called at all except in an advisory capacity.

The bill of sale of the personal property sought to be replevined was not an independent instrument creating independent rights. It recited that it was made in consideration of the contract relating to the exchange of lands. If the plaintiffs were entitled to have the land contract specifically performed the court had authority to grant full relief by compelling a restoration of the personal property to the plaintiffs. If the plaintiffs were not entitled to have the land contract specifically performed and the defendants were entitled to have it set aside the court had the power to cancel the bill of sale, and, if the personal property had been in the possession of the plaintiffs, to compel them to restore it to the defendants. The plaintiffs had but

one right upon which relief could be predicated. That was their equitable right to have the contract specifically performed, and they could not gain any advantage by splitting the cause of action and bringing one suit at law and the other in equity. All these are fundamental principles of equity jurisprudence.

The foregoing disposes of the only matters requiring discussion at length. The findings of fact are abundantly sustained by the evidence, and the judgment is the necessary legal consequence of the findings. Some contention was made at the trial as to whose agent a certain Donielson was who took part in the negotiations leading up to the contract. The finding that he was the agent of the plaintiffs and not of the defendants is a legitimate inference warranted by proved facts, and is not merely an inference based upon other inferences. The matter is not important, however, since false representations which he made to induce the defendants to contract were repeated by Akins himself.

The plaintiffs were bound by the representations made by Akins, although he believed them to be true. (*Maffet v. Schaar*, ante, p. 403, 131 Pac. 589.) The question regarding the conclusiveness of the investigation made by Holmes was properly solved by applying to the facts found the principles approved in the following cases: *Speed v. Hollingsworth*, 54 Kan. 436, 38 Pac. 496; *Abmeyer v. Bank*, 76 Kan. 877, 92 Pac. 1109; *Circle v. Potter*, 83 Kan. 363, 111 Pac. 479; *Morrow v. Bonebrake*, 84 Kan. 724, 115 Pac. 585.

The syllabus of the case of *Munkres v. McCaskill*, 64 Kan. 516, 62 Pac. 42, shows that it has no application to the present controversy.

The findings and judgment would stand if some bits of evidence complained of were ignored.

The court's views of the law were indicated by the instructions given to the jury, and except in respect to

matters already noticed no complaint is made that any one of them contained a misdirection.

The judgment of the district court in each case is affirmed.