No. 29,911.

Ella S. Sipe, *Appellant,* v. Julia Taylor, as Executrix of the Estate of Edwin Taylor, Deceased, *Appellee.*

(300 Pac. 1076.)

Opinion filed July 3, 1931.

*William Keith,* of Wichita, for the appellant.

*E. L. Foulke, Roy H. Wasson, Eli Eubanks* and *John W. Adams,* all of Wichita, for the appellee.

The opinion of the court was delivered by

Smith, J.: This case was in two causes of action. The first was for money had and received; the second was in the nature of an action for an accounting and to impose a trust on land. Judgment was for defendant. Plaintiff appeals.

In her first cause of action appellant alleges that Edwin Taylor, as agent for her, received for a conveyance of an interest plaintiff was claiming in certain property in Wichita $12,000, and that he had only paid her $315.35 of that amount in different payments.

For her second cause of action she alleged that for several months prior to April 18, 1921, she had a partition suit pending in which she was claiming a one-half interest in the property in question and possession thereof and asking for an accounting of rents and profits. She also set out that on April 18, 1921, Taylor represented to her that he had a deal for the real estate, and to get the deal through it would be necessary for her to sign a quitclaim deed and a stipulation for dismissal, with prejudice, and that he represented to her that if she would sign these instruments she would get all that was coming

to her, which would be $12,000 or more. She also alleged the collection of rents by Taylor and his promise to pay her $12,000, and a failure to pay any more than the $315.35 heretofore referred to.

There were two trials of this case in the same division of the district court of Sedgwick county. At the first trial the court sustained a demurrer to the second cause of action, and submitted the case to the jury on the first cause. There was a decided change in the evidence offered by appellant between the first trial and the second. On the completion of the second trial the court remarked about the change in the evidence offered and refused to submit the first cause of action to the jury at all, and submitted certain questions to it in an advisory capacity only as to the second. The jury answered the questions favorably in the most part to the contentions of appellant. When these answers were returned the court stated that they were not satisfactory, set them aside and made findings to its liking and reached a conclusion of law in favor of appellee.

In this appeal appellant contends there was ample evidence to have required the submission of the first cause of action to the jury and that she was entitled to have the second cause submitted to the jury as a matter of right, and that therefore judgment should have been given for appellant on the answers to the questions. We will examine the evidence of appellant. She testified substantially as follows: That in July, 1919, she was plaintiff in a suit in Sedgwick county against F. M. Liston, May Alice Liston and J. H. Elem. The petition was introduced and alleged substantially the lending of money by Mrs. Sipe to Liston and his agreement to pay her half the profits from the sale of a farm. It then alleged that the farm was sold at a large profit and the money invested in the real estate in question in the case at bar. She prayed partition of this real estate and for an accounting of the rents and profits.

She then testified that she signed a motion to dismiss this suit without prejudice at her cost. She testified that in August, 1919, she had a transaction with Charles E. Frank with regard to obtaining $5,000 for the purpose of paying a claim which Elem had against the property in question, and that in September, 1920, she had another transaction with reference to borrowing $6,000 to pay a mortgage on the same property. She then testified that in February, 1921, she filed a suit in district court of Sedgwick county against Edwin Taylor and Julia D. Taylor.

The petition in that case alleged, in substance, that in October, 1918, plaintiff and F. M. Liston entered into an agreement to buy the property in question in this action with money owed Mrs. Sipe by Liston; that Liston would cause the title to be taken in their joint names; that instead Elem, Liston and Taylor contrived to have the title to the property taken in the name of Taylor. The petition alleged that she was given to understand by Taylor and Liston that an undivided one-half of this real estate was held by Taylor in trust for her. The petition alleged that before the deed from Elem to Taylor was placed on record she had filed the suit against Liston and Elem, heretofore referred to in this opinion. The petition alleged that on September 27, 1919, she executed a quitclaim deed to Taylor for the property in question and consented to a dismissal of the suit upon the representation of Taylor that it was necessary to clear up the title and that Taylor would conserve the property and give appellant a deed for it. It also alleged that Taylor had never conveyed appellant's share to her and still withheld it.

Appellant testified further that the case was never tried and that she signed a stipulation to dismiss and at the same time a quitclaim deed to the property in question to T. S. Wilcox. She testified that she did not receive anything of value when she signed this deed for the property. She then testified to a deed under date of December 21, 1920, from Edwin Taylor and wife, conveying the property in question to William Morti for a consideration of $12,000. She also testified to a deed from William Morti and wife to T. S. Wilcox, dated March 12, 1921, for one dollar and other consideration. On cross-examination she testified to some borrowing transaction with Liston and that she dismissed the suit against Liston on promise of her money from Taylor, and filed the suit against Taylor because he refused to pay her. On redirect examination she testified about various deeds that had passed back and forth to the property in question. In answer to questions by the court she testified to losing various sums which he had invested in different pieces of real estate. On being recalled she testified as to the details surrounding her raising $6,000, which she claimed was used to pay a mortgage on the property in question.

The testimony of Mrs. Sipe has been given in detail because it is here that one would expect to find the evidence to sustain the allegation of the first cause of action that Edwin Taylor received $12,000 for the conveyance of the land in question as the agent of

Mrs. Sipe. No evidence to sustain any such allegation can be found by the court in the testimony referred to and none has been found in any other part of the record. The court below refused to submit the case to the jury on the first cause of action because there had been no evidence introduced to sustain it. We see no reason to disturb that ruling.

The second cause was in the nature of an action for an accounting. The court below submitted that to the jury in an advisory capacity only. Appellant urges that this was error and that she was entitled to a jury trial as a matter of right. We cannot agree with the appellant in this contention. The action was essentially as disclosed by the petitions filed by her and her sworn testimony, all based on her allegations that she furnished $2,000 as part purchase price of some real estate that was taken in the name of F. M. Liston and that as the result of the various transactions, that is, the sale of this farm, and the investment of the proceeds, she was entitled to an interest in the property in question. In effect, her claim for recovery has been at all times based upon a resulting trust. The action also has some features of an action in accounting. In *Brush v. Boyer*, 104 Kan. 168, 178 Pac. 445, this court held:

"A suit to establish and enforce a trust in the lands and to compel a conveyance, or in case defendant has placed it out of his power to convey, for relief in the nature of damages, is an equitable action, and defendant is not entitled, as a matter of right, to demand a jury." (Syl.)

In *Akins v. Holmes*, 89 Kan. 812, 133 Pac. 849, an action for specific performance was consolidated with a replevin action, which involved about the same facts. The trial court submitted the issues to a jury, which found for the plaintiff, but not being satisfied with its findings set them aside and made findings of fact favorable to the defendant. Judgment was entered upon these facts. It was held that this was not error. In this case the plaintiff had filed three petitions based on the same transaction. Each one of these petitions had told a different story of what happened. She had testified twice in the case at bar, both times in the same division. Each time she told a different story. What looks like a deliberate attempt to change the story occurred between the first and second trials of this action in the court below. When witness Liston, who was not present at the first trial, turned up just before the second trial, a convenient witness was found who testified to an altogether different transaction between Mrs. Sipe and Mr. Taylor than had been testified to at the first trial.

The trial court remarked about this change in the evidence and stated that the jury had evidently not paid sufficient attention to the different actions filed by Mrs. Sipe.

We have concluded that it was proper for the court to submit the second cause of action to the jury in an advisory capacity only, and that it was amply warranted in setting aside the finding of the jury in favor of the plaintiff and making findings of its own in favor of the defendant and rendering judgment thereon.

The judgment of the district court is affirmed.