No. 37,581

JOHN RUNYAN, JR., *Appellee*, v. HOWARD G. BANGS, *Appellant*.

(208 P. 2d 600)

Opinion filed July 9, 1949.

*O. C. Zwicker,* of Eureka, and *Robert H. Clogston,* of Joplin, Mo., were on the briefs for the appellant.

*Thomas C. Forbes* and *Harold G. Forbes,* both of Eureka, were on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action for the cancellation of a written lease on a business property, for a restraining order and for possession of the premises. The plaintiff, owner of the property, prevailed and the defendant, lessee, appeals.

The written lease was executed for a one-year period beginning January 1, 1948, and ending December 31, 1948. It covered the ground floor of a business building located in Eureka, Kan., together with certain shelving, furniture and equipment of the owner. In it appellant conducted a business known as the Town Tavern, which consisted in the selling of legalized cereal malt beverages. The lease provided appellant would retain *complete* supervision of the business and keep the premises free from nuisance, gambling, bawdy and unlawful practices. The lease further provided that

upon failure of appellant to faithfully and fully keep and to perform each and all of its covenants appellee could forfeit and terminate the lease in the manner indicated in the agreement.

The instant action was instituted June 22, 1948, on the ground the covenants previously mentioned had been violated and that upon notice of forfeiture and for possession of the premises appellant refused to close the business or to deliver possession of the premises.

At the time the action was commenced appellee obtained an order from the probate judge of the county restraining appellant from maintaining or conducting the business in question, ". . . until further order of this court." No further order restraining or enjoining appellant was made. No bond had been given in connection with the restraining order of the probate court and appellant at that time made no request that one be posted. On July 7, 1948, he filed a motion to set aside the restraining order on the ground no bond had been executed but he did not then present that motion to the court.

On August 9, 1948, without having presented the foregoing motion, appellant filed a verified answer to the verified petition of appellee. The answer contained a general denial and specific denials of any breach of the terms of the lease. On the day preceding the trial, namely, October 17, 1948, appellee filed a reply in which he denied each and every allegation contained in appellant's answer. The case was tried on October 18, 1948. On the day of the trial appellant filed a new motion to discharge the restraining order for the reason no bond had been posted. The court was then ready to try the case on its merits and overruled the motion. At the conclusion of the trial and on the same day the court found generally for the plaintiff and directed: If a motion for a new trial was not filed execution should issue; if such motion was filed execution should be stayed until October 25, 1948, provided a good and proper bond was filed in the sum of $250; that the keys to the building should be delivered to plaintiff within three days if no motion for a new trial was filed.

A motion for new trial was filed and was set for hearing on October 25. Although affidavits were filed in support of the motion, which the court examined, neither appellant nor his counsel appeared for the hearing. Upon consideration of the motion and argument in opposition thereto the motion was overruled and ap-

pellant was ordered to forthwith deliver the keys to the clerk of the district court.

Appellant first contends the case was not at issue on October 18, 1948, the first day of the October term of court in Greenwood county, and should not have been tried at that time by reason of the provision contained in G. S. 1935, 60-2932, as follows:

"Actions shall be triable on the issues of fact in ten days after the issues are made up."

An examination of the petition and answer discloses the material issues joined thereby were whether appellant had breached the terms of the lease agreement which justified cancellation thereof and a restraining order. It appears the reply was really unnecessary as it actually denied only the denials contained in the answer. The answer contained no new matter which required a reply in order to join issue on the facts to be litigated. The pertinent part of G. S. 1935, 60-717 provides:

"*When the answer contains new matter,* the plaintiff *may* reply to such new matter, denying, generally or specifically, each allegation controverted by him. . . ." (Emphasis supplied.)

Furthermore, there is not the slightest indication appellant's rights were prejudiced in any manner by reason of the lateness in filing the reply. In *Southern v. Cement Co.*, 108 Kan. 213, 194 Pac. 637, it was held:

"A judgment will not be reversed because of the trial having been begun in less than ten days after the issues were made up, where it is clear that no actual prejudice resulted." (Syl. ¶ 1.)

Appellant next argues that by reason of the delay between the granting of the restraining order and the trial the restraining order became a temporary injunction and the court should have required appellee to post a bond in accordance with the provisions of G. S. 1935, 60-1110, which reads:

"No injunction, unless otherwise provided by special statute, shall operate, until the party obtaining the same shall give an undertaking, executed by one or more sufficient sureties, to be approved by the clerk of the court granting such injunction, in an amount to be fixed by the court or judge allowing the same, to secure to the party injured the damages he may sustain if it be finally decided that the injunction ought not to have been granted."

That the original restraint resulted only from a restraining order is conceded. That is the only order a probate court is authorized to make. (*State v. Johnston*, 78 Kan. 615, 97 Pac. 790.) And such an

694

order is intended only to be operative until the district court or judge can act on the matter. (*Crawford v. Firmin,* 143 Kan. 794, 797, 57 P. 2d 465; G. S. 1935, 60-1103.)

Appellant cites *Bowman v. Hopper,* 125 Kan. 680, 265 Pac. 743, and *City of Wichita v. Home Cab Co.,* 151 Kan. 679, 684, 101 P. 2d 219, on the proposition that in case of similar delays in obtaining a temporary injunction it has been held the restraining order may become, in effect, a temporary injunction. Assuming only for the sake of argument that such could have been its effect in the instant case, what is the practical effect of appellant's contention now? Under the provisions of G. S. 1935, 60-1110 and 60-1114, the injunction is not operative until a bond is filed as therein provided. Appellant did not press his original motion to set aside the restraining order and urge that a bond be posted by appellee in the event the restraining order was not set aside. This the law expressly permits him to do. (See G. S. 1935, 60-1118, 60-1108, 60-1111.) Instead appellant filed an answer joining issue on the question of appellee's right to cancel the lease. In his answer he made no claim for damages by reason of any unlawful restraint whether by restraining order or temporary injunction. No issue was joined on the subject of damages by reason of any alleged unlawful restraint and, of course, no damages are claimed now. It follows the question whether the restraining order ripened into a temporary injunction which required a bond has become an abstract question which can in no wise affect the only issue litigated, namely, appellee's right to ultimate possession by reason of appellant's breach of the lease. Furthermore, if appellant's contention that the restraining order spent its force and that no valid temporary injunction ever issued is correct, then it follows appellant was not legally restrained after the restraining order spent its force and he could have operated the business. We may also note in passing that the entire question is really moot now for the reason that the lease has entirely expired by its own terms.

Appellant further argues he requested and was entitled to have the case tried by a jury on the ground that issues of fact were joined relative to the alleged violation of the terms of the lease. Cancellation is an equitable remedy. In a suit in equity a party is not entitled to a trial by jury as a matter of right. (*Tamsk v. Continental Oil Co.,* 158 Kan. 747, 750, 150 P. 2d 326.) This is the rule notwithstanding some facts must be litigated so long as the action is essen-

tially equitable in its nature. (*Rogler v. Bocook,* 148 Kan. 858, 84 P. 2d 893; G. S. 1935, 60-2903.)

Appellant also contends appellee's evidence was insufficient to support the judgment in his favor. He argues the evidence did not disclose a violation of the lease. We cannot agree. It would add nothing to the value of the opinion to narrate the evidence. There was evidence: Appellant did not retain *complete* supervision of the business himself; he did not keep it from being a nuisance and free from unlawful practices; beer was sold on Sundays contrary to law; the place was operated after midnight, concerning which the police had admonished appellant; intoxicated persons were seen in the place; persons were seen drinking near by in the alley; they were loud; the place was only one block from a church. In view of this evidence it cannot be said the court was unwarranted in canceling the lease.

Appellant finally contends the court erred in overruling his motion for a new trial. In support of that motion appellant offered affidavits of two persons which refuted the testimony of appellee's witness, Ray Lindamood, chief of police of Eureka, during the trial that he had seen both of those persons drinking beer in the Town Tavern on Sunday morning. This evidence adduced in support of the motion for a new trial merely created a conflict in the testimony relative to the particular point covered by the affidavits. Such a conflict did not compel the court to grant a new trial.

The judgment is affirmed.