(594 P.2d 1109)

No. 49,800

GERALD R. McMURRAY, *Appellee,* v. AVIS CRAWFORD, *Appellant.*

Opinion filed May 11, 1979.

*John F. Hayes,* of Gilliland, Hayes & Goering, of Hutchinson, for appellant.
*R. L. Leslie,* of Hess, Leslie, Berkley & Granger, of Hutchinson, for appellee.

Before REES, P.J., SPENCER and SWINEHART, JJ.

REES, J.: Plaintiff held two promissory notes. The consideration for the notes was paid by plaintiff to defendant's husband. Each note was secured by a real estate mortgage. Both mortgages were of the same tract of property. The notes and mortgages were delivered to plaintiff by defendant's husband in 1961 and 1963. Plaintiff had the mortgages recorded. Defendant's husband died in 1970. The notes had matured. After defendant made payments to plaintiff during the years 1971 through 1974, she stopped. Plaintiff brought this action for judgment on the notes and foreclosure of the mortgages. Defendant denied she executed the notes and mortgages. She alleged her purported signatures were forgeries. In addition, she sought recovery of the payments she had made alleging misrepresentation or fraud on the part of plaintiff. Defendant appeals from an adverse judgment after trial to the court. We affirm.

Defendant raises three issues on appeal. Two may be disposed of briefly. First, she asserts error in the denial of her timely demand for a jury trial. It is not controverted that a foreclosure action is equitable in nature and suits in equity are not entitled to jury trial as a matter of right. *Karnes Enterprises, Inc. v. Quan,* 221 Kan. 596, 600-602, 561 P.2d 825 (1977). Does defendant's insertion into this action of the questions of forgery and misrepresentation or fraud require a jury trial? We hold it does not.

The line of arguably contrary case authority, as represented by *Clemenson v. Chandler et al.,* 4 Kan. \*558, \*560-561 (1868), through *State Bank of Downs v. Criswell,* 155 Kan. 314, Syl. ¶ ¶ 1, 2, 315-316, 124 P.2d 500 (1942), in our view expressly or implicitly relies upon G.S. 1949, 60-2903, or its predecessor, which reads:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

G. S. 1949, 60-2903 was repealed effective January 1, 1964. L. 1963, ch. 303, § 60-2609. No similar statute has been enacted since.

K.S.A. 60-238(*a*) states:

"*Right preserved.* The right of trial by jury as declared by section 5 of the bill of rights in the Kansas constitution, and as given by a statute of the state shall be preserved to the parties inviolate."

Kan. Const. Bill of Rights, § 5, states:

"**Trial by jury.** The right of trial by jury shall be inviolate."

The constitutional right to jury trial is that right as it existed at common law. At common law, suits in equity were not entitled to jury trial as a matter of right. Whether an action is one in equity is determined by ascertaining whether its essential nature is grounded on equitable rights and if equitable relief is sought. *Karnes Enterprises, Inc. v. Quan,* 221 Kan. at 600. Defendant's affirmative defense of forgery and assertion of a counterclaim did not alter the essential nature of this foreclosure action and she was not entitled to a jury trial as a matter of right. See, *e.g., Fisher v. Rakestraw et al.,* 117 Kan. 441, Syl. ¶ 2, 445-447, 232 Pac. 605 (1925); *Union State Bank v. Chapman,* 124 Kan. 315, 317-318, 259 Pac. 681 (1927).

Defendant argues that assuming plaintiff is entitled to judgment, the amount of the unpaid obligation on the notes was miscalculated by the trial court. Plaintiff concedes this to be true. Nothing more need be said.

The remaining issue is the one fraught with the greatest difficulty. Defendant points to the following parts of the trial court memorandum decision:

"In the absence of evidence to the contrary, sworn public officials are presumed to have performed their duties properly. (78 Kan. 843.) This presumption applies to notaries (1 Jones on Evidence, 6th ed. #3.34). It also is a rule of general application that documents which are regular on their face are presumed to have been properly executed and to have had included in their execution all formalities which were essential to their validity (1 Jones on Evidence, 6th ed. #3.39).

. . . .

"Again, the evidence is conflicting concerning the genuineness of the defendant's signatures on the notes and mortgages in question:

" - the defendant and her handwriting analyst claim the signatures are forgeries,

" - the notary public's certificate claims the defendant signed the mortgages and duly acknowledged the execution of the same.

"As among the defendant, the handwriting analyst employed by her, and the notary public, it seems to the court that the notary public is the most disinterested . . . and his certification of appearance and execution of the mortgages by the defendant is quite definite. This court is not willing to conclude the notary's certificate is false and find the defendant's signatures to be forgeries."

Defendant argues the trial court erroneously relied upon the presumption of validity of documents regular on their face and the presumption that sworn public officials (here, a notary) have performed their duties properly. The specific point urged is that a presumption is not evidence and that once sufficient rebuttal evidence is introduced, the presumption vanishes.

Understanding of defendant's argument and what was said by the trial court as quoted above requires additional statement of background facts. The substance of plaintiff's trial evidence was the uncontested introduction of the notes and mortgages together with his testimony of default and the amounts due under the terms of the notes. Each document bore what purported to be the signatures of defendant and her husband. Each mortgage bore a certificate of acknowledgment of which the following is one:

"STATE OF KANSAS, Reno COUNTY, ss.

"BE IT REMEMBERED, That on this 1st day of July, 1961, before me, the undersigned, a [notary public] in and for the County and State aforesaid, came Thomas Crawford Jr. & Avis Crawford, husband & wife who are personally known to me to be the same persons who executed the foregoing instrument of writing, and duly acknowledged the execution of the same.

"IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my notarial seal on the day and year last above written.

"[SEAL]                                    [s] Lewis R. McKibben
                                               Notary Public

"My commission expires November 16, 1963."

Defendant's trial evidence included her testimony and that of a handwriting analyst, an admitted expert witness. Defendant denied she signed any of the documents. She testified all of the four handwritings purporting to be her signatures were forgeries. The expert witness testified all were forgeries. Neither party called the notary as a witness. Nothing is shown in the record concerning the notary's availability. Plaintiff testified none of the four documents were signed in his presence; they were delivered to him as completed instruments. What we have said constitutes the entirety of the evidence concerning the execution of the notes and mortgages by defendant.

At this point we pause to observe that neither note bore a certificate of acknowledgment but the language of each mortgage made specific reference to its underlying note. One who joins in the execution of a real estate mortgage as security for a note cannot defeat foreclosure merely because he did not also sign the note. *Hill, Adm'r v. Petty*, 116 Kan. 360, Syl. ¶ 1, 226 Pac. 717 (1924). Since this defendant's practical problem is her exposure to foreclosure of mortgages on her residence, we will address ourselves only to the mortgages and not the notes.

Defendant argues the presumptions relied upon by the trial court "were not probative" and asserts, without explanation satisfactory to us, that K.S.A. 60-414(*b*) is applicable. In response, plaintiff asserts it is K.S.A. 60-414(*a*) that is applicable. Neither party has referred to other statutory provisions.

The relevant Kansas statutory law concerning presumptions is as follows:

"As used in this article unless the context otherwise requires:

"(*a*) 'Evidence' is the means from which inferences may be drawn as a basis of proof in duly constituted judicial or fact-finding tribunals, and includes testimony in the form of opinion, and hearsay.

"(*b*) 'Relevant evidence' means evidence having any tendency in reason to prove any material fact.

"(*c*) 'Proof' is all of the evidence before the trier of the fact relevant to a fact in issue which tends to prove the existence or nonexistence of such fact.

"(*d*) 'Burden of proof' means the obligation of a party to meet the requirements of a rule of law that the fact be proven either by a preponderance of the evidence or by clear and convincing evidence or beyond a reasonable doubt, as the case may be. Burden of proof is synonymous with 'burden of persuasion.'

"(*e*) 'Burden of producing evidence' means the obligation of a party to introduce evidence when necessary to avoid the risk of a directed verdict or peremptory finding against him or her on a material issue of fact." K.S.A. 60-401.

"A presumption is an assumption of fact resulting from a rule of law which

requires such fact to be assumed from another fact or group of facts found or otherwise established in the action." K.S.A. 60-413.

"Subject to K.S.A. 60-416, and except for presumptions which are conclusive or irrefutable under the rules of law from which they arise, (*a*) if the facts from which the presumption is derived have any probative value as evidence of the existence of the presumed fact, the presumption continues to exist and the burden of establishing the nonexistence of the presumed fact is upon the party against whom the presumption operates; (*b*) if the facts from which the presumption arises have no probative value as evidence of the presumed fact, the presumption does not exist when evidence is introduced which would support a finding of the nonexistence of the presumed fact, and the fact which would otherwise be presumed shall be determined from the evidence exactly as if no presumption was or had ever been involved." K.S.A. 60-414.

"If two presumptions arise which are conflicting with each other the judge shall apply the presumption which is founded on the weightier consideration of policy and logic. If there is no such preponderance both presumptions shall be disregarded." K.S.A. 60-415.

"A presumption, which by a rule of law may be overcome only by proof beyond a reasonable doubt, or by clear and convincing evidence, shall not be affected by K.S.A. 60-414 or 60-415 and the burden of proof to overcome it continues on the party against whom the presumption operates." K.S.A. 60-416.

Although the language of K.S.A. 60-414 standing alone, as the parties would have it, seems clear on its face, its application and the reason for its application to particular facts and particular presumptions give rise to genuine difficulty. There are both practical and theoretical difficulties with respect to ascertaining whether the facts from which the presumption is derived have any or no probative value as evidence of the presumed fact. (The lone Kansas case found that directs itself to this question is *Akin v. Estate of Hill,* 201 Kan. 306, 310-311, 440 P.2d 585 [1968].) We lay no claim to complete, let alone particularly extended, research but what we have conducted has led us into quicksand, chaos, and case and comment divergences approaching a nightmare of irreconcilability. Included as part of the materials we have examined are: *Hagood v. Hall,* 211 Kan. 46, 505 P.2d 736 (1973); *Hampton v. State Highway Commission,* 209 Kan. 565, 498 P.2d 236 (1972); *State v. Duke,* 205 Kan. 37, 468 P.2d 132 (1970); *Akin v. Estate of Hill,* 201 Kan. 306; *Prior v. Best Cabs, Inc.,* 199 Kan. 77, 427 P.2d 481 (1967); *Londerholm v. Unified School District,* 199 Kan. 312, 430 P.2d 188 (1967); Gard's Kansas C. Civ. Proc. § 60-414 (1963) and 1977 Supp. and notes and commentary; Vernon's Kansas C. Civ. Proc. § 60-414 (1965) and 1978 Supp. and notes and comments; PIK Civ. 2d, 2.70 - 2.73 (1977) and

notes and comments; Cal. Evidence Code, ch. 3, art. 1, 3, 4 and 1979 Supp. (West) and notes; Fla. Stat. Ann. (1979 Supp.) § 90.302 *et seq.* (West) and notes; N. J. Stat. Ann. (West), Rule 14, and 1978-1979 Supp. and notes and comments; N. D. Cent. Code (1977 Supp.) Rule 301 *et seq.* and comments; Okla. Stat. Ann. (1978-1979 Supp.), tit. 12, § 2303, and notes and comments; Stumbo, *Presumptions, a View at Chaos,* 3 Washburn L. J. 182 (1964); Ray, *Presumptions and the Uniform Rules of Evidence,* 33 Tex. L. Rev. 588 (1955); 13 Uniform Laws Ann. (1975), Uniform Rules of Evidence, pp. 197-201, art. III, rule 301, and 1979 Supp. Rule 301, and comments; Uniform Rules of Evidence, draft of National Conference of Commissioners on Uniform State Laws, ch. III, Presumptions, pp. 171-173 (1953) and comments.

K.S.A. 60-414 is taken directly from the Uniform Rules of Evidence (1953) promulgated by the National Conference of Commissioners on Uniform State Laws (NCCUSL). Reportedly, four states enacted the Uniform Rules of Evidence (1953). Handbook of the National Conference of Commissioners on Uniform State Laws (1977), p. 456. However true this may be, our research supports certain observations of negative note. The NCCUSL superseded its Uniform Rules of Evidence (1953) with another proposed act, Uniform Rules of Evidence (1974). The latter clearly and completely abandons the K.S.A. 60-414 language and approach to presumptions. To our knowledge, Oklahoma is the only state other than Kansas that has a statutory provision with language identical or appreciably comparable to K.S.A. 60-414. The Oklahoma statutory provision, Okla. Stat. Ann. (1978-1979 Supp.), tit. 12, § 2303 (West), having been enacted effective October 1, 1978, obviously was not adopted in reliance upon a then existing NCCUSL recommendation. Such being the status of statutory law and with deference to the courts of Oklahoma, there is little, if any, prospect that we may receive from other jurisdictions suggestive aid concerning judicial application of K.S.A. 60-414.

As best we can discern, no provisions comparable to K.S.A. 60-414 were a part of our statutory law prior to 1964. We are unable to see in *Akin v. Estate of Hill,* 201 Kan. 306 ["love of life" presumption], *Hampton v. State Highway Commission,* 209 Kan. 565 [presumption of negligence], or *Hagood v. Hall,* 211 Kan. 46 ["love of life" presumption], where it is said that the presumption

is a "(*b*)" presumption because K.S.A. 60-414 makes it so. We read each of these opinions to say that because the presumption falls when the party against whom the presumption operates comes forward with evidence in the nature of rebuttal of the presumed fact, the presumption therefore is a "(*b*)" presumption. This begs the question. Although the PIK editors comment (PIK Civ. 2d 2.70 [1978] p. 57) almost all presumptions are "(*a*)" presumptions, the fact is that *Prior v. Best Cabs, Inc.,* 199 Kan. at 79-80 [presumption of due care], *Londerholm v. Unified School District,* 199 Kan. at 322-324 [presumption of racial segregation], *Hagood v. Hall,* 211 Kan. at 49-51, *Akin v. Estate of Hill,* 201 Kan. at 308-312, and *Hampton v. State Highway Commission,* 209 Kan. at 586-587, each found the presumption then being considered to be a "(*b*)" presumption. Only *State v. Duke,* 205 Kan. at 40-41 [presumption of validity of foreign judgment and truth of journal entry recitals] found the presumption to be an "(*a*)" presumption and its citation of K.S.A. 60-414(*a*) is not such as to reflect that its reasoning was other than that of *Akin, Hampton* and *Hagood.*

Under K.S.A. 60-414, if an "(*a*)" presumption arises there shifts to the opposing party both the burden of coming forward with evidence and the burden of proof and if a "(*b*)" presumption arises there shifts to the opposing party the burden of coming forward with evidence but the burden of proof does not shift.

Our Supreme Court has now filed its opinion in *In re Estate of Miller,* 225 Kan. 655, 594 P.2d 167 (1979). It is concluded there should be adopted the rule that when a life tenant with a power of disposition commingles funds from the estate with his own personal funds and thereafter the commingled funds are partially expended, the "rebuttable presumption" is that the life tenant first expended his own funds before expending those funds received by him as a life tenant. The conclusion is said to be founded upon cases holding the life tenant occupies a fiduciary relationship toward the remainderman and conviction that the rule would better achieve the ends of justice in the great majority of cases. Query: Is this an "(*a*)" or "(*b*)" presumption? There is no mention of K.S.A. 60-414.

Upon distillation of the record, contentions and arguments, what is really at issue on this appeal is whether in the face of defendant's direct evidence of forgery and her nonexecution the

trial court could find and conclude that defendant signed the mortgages and enforce them against her. We hold it could.

If K.S.A. 60-414 is applicable, however this might be done, then K.S.A. 60-416 is also applicable. The statutory direction of K.S.A. 60-416 is that K.S.A. 60-414 is inoperative as to a presumption which by a rule of law (although it appears the proponents of the Uniform Rules of Evidence may have intended this to be by a rule of statutory law) may be overcome by proof beyond a reasonable doubt *or* by clear and convincing evidence. *Gas Co. v. Fletcher*, 81 Kan. 76, 105 Pac. 34 (1909), and *Felaine v. Welch*, 126 Kan. 435, 268 Pac. 821 (1928), are authority for the rule that a notary's certificate of acknowledgment gives rise to the presumption of execution of the instrument and where execution is denied, the presumption may be overcome only by clear and convincing evidence. Upon the authority of these decisions, we conclude that in the case before us K.S.A. 60-416 renders K.S.A. 60-414 inoperative and on the issue of execution of the mortgages, defendant had the burden of proving nonexecution—the presumption of execution shifted the burden of proof to defendant.

Accordingly, it is our decision that the trial court did not err as a matter of law in affording plaintiff the benefit of the presumption of defendant's execution of the mortgages arising by reason of the certificates of acknowledgment and in finding defendant failed to sustain her burden of proof of nonexecution. In the absence of testimony by the notary there appears little else defendant could have done to prove nonexecution and we might have held other than did the trial court, but this does not support reversal on appeal.

The judgment of the trial court is affirmed with directions that it be modified by the trial court to recite the amount of the indebtedness to be that stipulated by the parties and further modified in appropriate manner to delete personal liability of the defendant for payment of such part of the indebtedness as may not be satisfied upon foreclosure.